IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MAXWELL CHARLES LEHIGH, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-04-566-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| OLIVIA CRAVEN, JEFF CONWAY, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action is Respondents' Motion for Summary Dismissal (Docket No. 11). Having reviewed the record in this case, as well as the arguments of the parties, the Court finds that oral argument is unnecessary. The Court now enters the following Order granting the Motion for Summary Dismissal.

## BACKGROUND

Petitioner filed his federal Habeas Corpus Petition on November 3, 2004. Petitioner brings two claims, both based upon allegations that he was not afforded a timely parole hearing when he completed his fixed term of incarceration: (1) denial of access to the courts, and (2) denial of equal protection rights by not being afforded a properly scheduled a parole hearing.

MEMORANDUM ORDER  1

## MOTION FOR SUMMARY DISMISSAL

**A.     Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In such case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id*.  Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

**B.     Discussion of Petitioner's First Claim**: **Denial of Access to Courts**

Respondent argues that Petitioner's first claim is moot.  The facts and procedural history of the claim are as follows.  Petitioner pled guilty to and was convicted of one count of lewd conduct in an Idaho state court.  Judgment was entered on March 13, 1995.  Petitioner was sentenced to an incarceration term of three years fixed with ten years indeterminate.  The three-year fixed sentence was completed on March 15, 1998;

---

[1] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S. Ct. 2166 (1991).

MEMORANDUM ORDER  2

however, Petitioner's first parole hearing was not held until September 15, 1998.  At his parole hearing, Petitioner was denied parole.  *See State's Exhibit A-1*.

Petitioner filed a state habeas corpus action on March 28, 2001, asserting that his Fifth and Fourteenth Amendment rights were violated by the failure to have a timely parole hearing.  In his petition, he sought immediate release and commutation of his sentence.  On October 2, 2001, Magistrate Judge David Epis dismissed Petitioner's petition, determining that Petitioner had failed to state facts showing an equal protection violation and that he had no liberty interest in parole consideration, and, thus, that no due process right attached to the delay in holding a parole hearing.  *See id.* at pp. 52-55.  Petitioner appealed to the state district court, and the decision of the magistrate was affirmed.  *See id.* at pp. 71-76.

Petitioner filed an appeal, and the Idaho Court of Appeals affirmed the dismissal of his petition and held that his claims were moot.  *See State's Exhibit B-4*.  In particular, the Court of Appeals reasoned:

> Lehigh's claim for habeas corpus relief is moot.  If an inmate is refused a parole hearing on unlawful grounds, the remedy would be an order that such a hearing be immediately conducted.  Here, although Lehigh's hearing was delayed, allegedly unlawfully, he did receive a hearing long before he filed the present habeas corpus action.  Therefore, he has already received the only "relief" to which he could be entitled, even assuming that delay in conducting a parole hearing creates a cognizable claim for relief.  Therefore, Lehigh's habeas corpus claim is moot and was moot when his petition was filed.
>
> Of course, Lehigh's claim would not be moot if a mere delay in providing a parole hearing would entitle an inmate to the type of relief that Lehigh requests – immediate release from prison and the commutation of

MEMORANDUM ORDER  3

> his sentence. That, however, would not constitute appropriate relief, even assuming that his allegations stated a claim for violation of constitutional rights. Lehigh has not alleged that he suffered any prejudice or harm from the six-month delay in his parole hearing. In practical terms, he is in precisely the same position that he would have occupied had the parole hearing been held as soon as Lehigh became eligible. Even if the facts alleged by Lehigh constitute a violation of constitutional or statutory rights, they create no basis for a court judgment releasing Lehigh from incarceration or altering his sentence.

*State's Exhibit B-4*, at p. 3. The Idaho Supreme Court denied Petitioner's petition for review. *See State's Exhibit B-10.* Petitioner again raised the issue by filing an original petition for writ of habeas corpus with the Idaho Supreme Court, which was denied on August 9, 2004. *See State's Exhibits C-1 & C-2.*

This Court agrees with the Idaho courts that Petitioner's due process claim is moot. The most relief Petitioner could receive is a new parole hearing. He has already had a new parole hearing. Petitioner does not argue or show that he is entitled to parole on the merits, only that the technical "mistake" of a late parole hearing warrants his release. This argument is without legal merit.

To the extent that Petitioner is arguing that the state post-conviction or habeas corpus procedures are inadequate (*Petition*, at pp.7-8), such a claim is not cognizable on federal habeas corpus review. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989) (habeas corpus is not the proper avenue to address errors in a state's post-conviction review process).

MEMORANDUM ORDER  4

**C.      Discussion of Claim Two: Denial of Equal Protection at Parole Hearing**

Respondent also argues that Petitioner's equal protection claim is moot. Petitioner asserts that he was denied equal protection because he was treated differently from other parole-eligible inmates in that he was not afforded a timely hearing.

Petitioner is not asserting that the denial of equal protection occurred in the eventual parole hearing that was held. Rather, he is asserting that the failure to properly afford him an on-time hearing denied him equal protection. As above, because he was given a parole hearing, and there is no other remedy available to him on habeas corpus review, this claim is moot.

**D.      Discussion of Statute of Limitations Issue (All Claims)**

Respondent also argues that both of Petitioner's claims are barred by the statute of limitations. The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations. The statute provides several alternative dates for the beginning of the statute of limitations period, depending upon the type of decision or judgment is at issue. The statute of limitations on a denial of parole runs from "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D), rather than from "the date on which the judgment

became final" under § 2244(d)(1)(A), because an administrative decision is not a judgment. *Redd v. McGrath* 343 F.3d 1077 (9th Cir. 2003).

The statute provides tolling (stopping) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitations period.

The limitations period also may be equitably tolled under exceptional circumstances. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418; *see also Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (holding that lack of access to AEDPA materials in prison may either equitably toll the statute or may constitute a state-created impediment that delays the beginning of the one-year period under 28 U.S.C. § 2244(d)(1)(B)).

Here, Petitioner's claim became ripe on March 16, 1998, when his fixed term was completed, and he was not granted a parole hearing. Petitioner was denied parole on or about September 15, 1998. Petitioner did not file a state court action on the matter until March 28, 2001. Petitioner's statute would have expired on March 16, 1999, or, at the latest, on September 15, 1999. The state court habeas corpus action, filed in the district

MEMORANDUM ORDER  6

court in 2001, as well as the original habeas corpus petition filed in the Idaho Supreme Court in 2004, were both too late to toll the statute. In *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), the court held that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."

Accordingly, both of Petitioner's claims are subject to dismissal on statute of limitations grounds. Because his claims are moot, the Court need not consider whether equitable tolling applies. The Petition shall be dismissed with prejudice.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 11) is GRANTED. Petitioner's Petition is dismissed with prejudice.

DATED: **August 22, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court